1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5   JAMES P. MALVEAUX,                  Case No.  17-cv-05004-CW

6            Plaintiff,

                                       ORDER GRANTING MOTIONS TO
7        v.                            DISMISS AND ORDER TO SHOW
                                       CAUSE REGARDING SERVICE
8   WELLS FARGO BANK, N.A.;
    BARRETT DAFFIN FRAPPIER TREDER     (Docket Nos. 14, 15, 19, 20,
9   & WEISS, LLP; FIRST AMERICAN       22)
    TITLE COMPANY; BANK OF NEW
10  YORK MELLON f/k/a BANK OF NEW
    YORK as Trustee for WORLD
11  SAVINGS REMIC TRUST, MORTGAGE
    PASS-THROUGH CERTIFICATES,
12  SERIES 19; RALPH PARTNERS II,
    LLC; AND ALL PERSONS KNOWN OR
13  UNKNOWN CLAIMING AN INTEREST
    IN THE SUBJECT PROPERTY, and
14  DOES 2 through 50, inclusive,

15            Defendants.

16

17

18      On August 29, 2017, Plaintiff James P. Malveaux, then

19  unrepresented by counsel, filed a complaint initiating this

20  action.  On September 18, 2017, Defendants Wells Fargo Bank,

21  N.A., and the Bank of New York Mellon[1] moved to dismiss the

22  complaint.  Plaintiff did not respond to the motion within the

23  fourteen days provided by Civil Local Rule 7-3(a) or file an

24  amended complaint within the twenty-one days provided by Federal

25  Rule of Civil Procedure 15(a)(1)(B).  On October 18, 2017, the

26  Court issued an order granting Plaintiff an extension of time to

27

28      [1] Except where otherwise noted, references in this order to
    "Defendants" refer to these two moving Defendants.

respond to the motion to dismiss.  Instead of doing so, on October 25, 2017, Plaintiff, now represented by counsel, filed a first amended complaint (1AC), not accompanied by a stipulation or a motion for leave.  On November 1, 2017, Defendants again moved to dismiss.  Plaintiff opposed the motion and Defendants filed a reply.

Having considered the parties' papers, the record in this case and relevant authority, the Court grants leave for Plaintiff to file the 1AC; denies as moot Defendants' motion to dismiss the original complaint and request for judicial notice in support of that motion; grants Defendants' motion to dismiss the 1AC; and grants one further opportunity for Plaintiff to amend his claims. The Court also grants Defendants' request for judicial notice, filed in support of the motion to dismiss the 1AC, but sustains Plaintiff's objection and does not take judicial notice of the truth of disputed statements within the noticed documents. Finally, the Court orders Plaintiff to show cause why his claims against Defendants who have not yet appeared in this action should not be dismissed without prejudice due to lack of timely service.

BACKGROUND

Plaintiff alleges the following facts.  Plaintiff owns a single family residence in Pacifica, California.  On or about June 16, 2005, Plaintiff and his wife executed an adjustable rate mortgage secured by the property, consisting of a deed of trust, note, and adjustable rate rider.  The deed of trust identifies World Savings Bank, FSB as the lender and Defendant First American Title Company as the title insurance company.  Defendant

Wells Fargo Bank, N.A., "holds itself out as the current servicer of Plaintiff's mortgage loan." 1AC ¶ 2. Other Defendants named in this action include Barrett Daffin Frappier Treder & Weiss, LLP (Barrett Daffin), which provides legal services and "default and foreclosure services," id. ¶ 3; the Bank of New York Mellon f/k/a the Bank of New York, which serves as trustee for the World Savings Remic Trust, Mortgage Pass-Through Certificates, Series 19; and Defendant Ralph Partners II, LLC, added as a Defendant in the 1AC, which purchased the property in a foreclosure sale.

A notice of default and election to sell under the deed of trust was recorded on August 22, 2010. A notice of rescission of this notice of default was recorded on August 8, 2014.

On October 29, 2015, a substitution of trustee was recorded, substituting Barrett Daffin as trustee under the deed of trust. Plaintiff alleges that this substitution violates the terms of the deed of trust.

A second notice of default and election to sell under the deed of trust was issued on February 18, 2016 by Barrett Daffin, and recorded on February 22, 2016. Plaintiff alleges that this notice was defective due to the July 2005 securitization of Plaintiff's loan. A notice of trustee's sale was recorded on December 20, 2016.

In January 2017, Plaintiff, represented by different counsel, filed a lawsuit in San Mateo County Superior Court, challenging Defendants' right to foreclose. Malveaux v. Wells Fargo Bank, N.A., San Mateo Superior Court No. 17-civ-00328. On January 25, 2017, the state court denied Plaintiff's petition for a temporary restraining order (TRO) enjoining foreclosure.

1  Defendants filed a demurrer to the complaint, which the state

2  court sustained at a hearing on April 25, 2017, followed by a

3  written order filed May 11, 2017.  The state court granted

4  Plaintiff leave to amend, but Plaintiff did not timely amend his

5  complaint and, on June 14, 2017, voluntarily dismissed the action

6  without prejudice.  Plaintiff alleges that he did so because a

7  Wells Fargo representative informed him that the bank would allow

8  him to sell his home through his realtor or "give him a loan

9  modification if he qualified" only if he dismissed his lawsuit in

10 San Mateo Superior Court as well as a bankruptcy proceeding.  1AC

11 ¶¶ 64-66, 70.[2]

12      Plaintiff alleges that he began submitting the requested

13 documents for a loan modification application around the time

14 that he voluntarily dismissed his state court lawsuit.  In late

15 June 2017, Plaintiff was informed that a trustee's sale was

16 scheduled for early July 2017.  His realtor contacted Wells Fargo

17 and learned that Plaintiff had a new contact person for his loan

18 modification.  On or about July 6, 2017, Barrett Daffin notified

19 Plaintiff that the trustee's sale of the property was postponed

20 to August 30, 2017.  Compl. Ex. F.  On August 25, 2017, an

21 unspecified Defendant "emailed Plaintiff that they were not going

22 to proceed with the loan modification process," but did not

23 inform him of his right to appeal the loan modification decision

24 or afford him the opportunity of selling his home through his

25 realtor.  1AC ¶¶ 71-73.

26

27      [2] Plaintiff alleges that he dismissed the lawsuit in June,
   1AC ¶¶ 64-66, and again in July, id. ¶ 70.  The Court takes
28 judicial notice that the dismissal was filed in San Mateo County
   Superior Court on June 14, 2017.

On August 29, 2017, Plaintiff filed this action and a motion for a TRO enjoining the August 30, 2017 foreclosure sale. On the same day, this Court denied the motion for a TRO because Plaintiff had neither notified Defendants of the motion nor shown why he should be excused from doing so. On August 30, 2017, at 1:15 p.m., Plaintiff recorded with the San Mateo Assessor-County Clerk-Recorder a notice of the pendency of this action, and brought a copy of the document to the place where the foreclosure sale was being held. The person conducting the sale took a picture of it with his cell phone. The trustee's sale took place and Ralph Partners purchased the property.[3]

In the 1AC, Plaintiff alleges claims for: (1) wrongful foreclosure; (2) quiet title; (3) unjust enrichment; (4) violation of California Civil Code sections 2923.6(c), 2923.55(a), (b)(1); (5) violation of California Civil Code section 2923.6(c) and/or section 2924; (6) violation of California's Unfair Competition Law (UCL), Civil Code section 17200; (7) accounting and verification of the alleged debt; (8) bank fraud under 18 U.S.C. § 1344; (9) fraud in the inducement; (10) promissory estoppel; (11) slander of title; and (12) violation of "each and every rule of the Federal Consumer Protection Bureau."

LEGAL STANDARD

A complaint must contain a "short and plain statement of the

---

[3] Plaintiff pleads inconsistent dates regarding the filing of the lawsuit, recording of the notice of pendency and foreclosure sale. 1AC ¶¶ 74-77. It appears that the references in the Complaint to September 2017 may be erroneous. In any amended complaint, Plaintiff must ensure that the facts plead, including all dates, are accurate. See Fed. R. Civ. P. 11(b).

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the court need not accept legal conclusions, including threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Rule 9(b) provides that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter

6

1    jurisdiction, and irrespective of whether the substantive law at

2    issue is state or federal.'" <u>Kearns v. Ford Motor Co.</u>, 567 F.3d

3    1120, 1125 (9th Cir. 2009) (quoting <u>Vess v. Ciba-Geigy Corp. USA</u>,

4    317 F.3d 1097, 1102 (9th Cir. 2003).  The allegations must be

5    "specific enough to give defendants notice of the particular

6    misconduct which is alleged to constitute the fraud charged so

7    that they can defend against the charge and not just deny that

8    they have done anything wrong." <u>Semegen v. Weidner</u>, 780 F.2d

9    727, 731 (9th Cir. 1985).

10        When granting a motion to dismiss, the court is generally

11   required to grant the plaintiff leave to amend, even if no

12   request to amend the pleading was made, unless amendment would be

13   futile.  <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.</u>

14   <u>Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining

15   whether amendment would be futile, the court examines whether the

16   complaint could be amended to cure the defect requiring dismissal

17   "without contradicting any of the allegations of [the] original

18   complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th

19   Cir. 1990).

20                              DISCUSSION

21   I.   Filing of the First Amended Complaint

22        Defendants move to dismiss all claims because Plaintiff did

23   not oppose the motion to dismiss his original complaint, and

24   filed his amended complaint without Defendants' consent or leave

25   of court and outside of the time for amendment as a matter of

26   course under Federal Rule of Civil Procedure 15(a)(1).  Plaintiff

27   responds that this Court's October 18, 2017 order extending the

28   time "to respond to the motion to dismiss" included leave to file

an amended complaint.  This interpretation is not consistent with the language of the order.  Plaintiff's 1AC was untimely filed without consent or leave, in violation of Rule 15.

However, the Court must liberally grant leave to amend in the interest of justice, and the Court construes the October 25, 2017 declaration of Marianne Malveaux, Esq., and Plaintiff's November 15, 2017 opposition to the motion to dismiss as including a request for leave to file the 1AC.  In the exercise of discretion, the Court grants the motion and deems the 1AC filed on October 25, 2017.  The Court warns Plaintiff and his counsel, however, that they must carefully follow rules and orders in the future.

II.  Loan Securitization and Chain of Title

Many of the claims in the 1AC are predicated on Plaintiff's theory that his original lender, World Savings Bank, FSB, transferred or "securitized" his loan in July 2005 and failed to secure the chain of title to Wells Fargo, thereby depriving Wells Fargo of the right to enforce the loan contract and to initiate a non-judicial foreclosure.  Indeed, Plaintiff alleges, "Simply stated, there is no successor---lender [sic] to WORLD SAVINGS in the mortgage loan."  1AC ¶ 15.  Further, "the chain of title was irreversibly broken to the Subject Property with the lender's successor and assign (the true identity of the present beneficiary) unassigned, undocumented and unknown to date.  In other words, there is no lender's successor and assign to WORLD SAVINGS in the mortgage loan."  1AC ¶ 23.  The Court has rejected this argument previously, and Plaintiff has provided no reason to deviate from the Court's prior analysis.  See Jackson v. Atlantic

1  _Sav. of Am._, No. 13-cv-05755-CW, 2014 U.S. Dist. LEXIS 136521,

2  **19-22 (N.D. Cal. 2014).  Numerous courts have reached the same

3  conclusion, including a recent and persuasive California

4  appellate decision.  See _Kalnoki v. First American Trustee_

5  _Servicing Solutions, LLC_, 8 Cal. App. 5th 23, 41-44 (2017)

6  (holding that even assuming the truth of similar securitization

7  allegations, they would be insufficient to set aside

8  foreclosure).

9      Despite many paragraphs in the 1AC dedicated to boilerplate

10  allegations concerning the securitization process, Plaintiff

11  ultimately disclaims any reliance on a securitization theory.

12  See 1AC ¶ 48 ("Plaintiff is not alleging or challenging

13  'securitization.'  Plaintiff is alleging that Defendants are not

14  the real parties in interest because of their failure to secure

15  the chain of title to the Subject Property during the

16  securitization process."); Opp. at 5 ("Plaintiff does not

17  challenge the securitization of Plaintiff's mortgage loan.

18  Instead, he points to the Bank Defendants [sic] failure to ensure

19  CLEAR the chain of title for each and every mortgage Bank

20  Defendants allegedly 'acquired' by whatever means.").

21      Plaintiff fails to plead any facts suggesting a defect in

22  the chain of title to his particular loan, as opposed to

23  unspecified loans of other borrowers.  Moreover, judicially

24  noticeable documents demonstrate that due to the name change of

25  World Savings to Wachovia Mortgage, FSB, and Wachovia's

26  subsequent merger into Wells Fargo, Wells Fargo is indeed the

27  successor-in-interest to World Savings.  Defs. RJN Exs. A-E.  As

28  Defendants note, courts have recognized this corporate

9

transaction.  See, e.g., Wolf v. Wells Fargo Bank, N.A.,
No. 11-cv-01337-WHA, 2011 U.S. Dist. LEXIS 117835, *3 (N.D. Cal.
Oct. 12, 2011) ("World Savings changed its name to Wachovia
Mortgage in late 2007.  Wachovia Mortgage then became part of
Wells Fargo Bank in 2009 and is the current holder of the
note."); Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022,
1024-1025 (N.D. Cal. 2010) ("judicially noticeable documents
reveal that the original lender, World Savings Bank, FSB, simply
changed its name to Wachovia Mortgage, FSB, and is now a division
of Wells Fargo Bank, N.A., so transfers among those entities were
proper").

Because Plaintiff has failed to allege any defect in the
chain of title, or securitization, of his loan, all the claims
dependent on that theory fail, and the Court dismisses them.
This includes, in particular, the entirety of Claims 1,[4] 2, 3 and
11,[5] as well as Plaintiff's other claims to the extent that they
rely on this theory, including Claims 4, 6, 7, 8, 10 and 12.  The
Court will grant leave to amend these claims, but Plaintiff must
allege facts plausibly supporting each claim and set forth a
viable legal theory.

---

[4] Plaintiff's wrongful foreclosure claim also suffers from
additional defects, including the fact that Plaintiff agreed when
he signed the trust deed that the lender could at any time
appoint a successor trustee.  See 1AC Ex. A at § 27; see also id.
§§ 1(C) & 1(H) (specifying that successors and/or assignees of
World Savings Bank would become lenders and beneficiaries under
the deed of trust).

[5] Plaintiff's slander of title claim also suffers from
additional defects, including that Plaintiff fails to plead any
facts showing that Defendants acted without privilege or
justification.  See Stowers v. Wells Fargo Bank, N.A., No. 13-cv-
05426-RS, 2014 WL 1245070, *7 (N.D. Cal. Mar. 25, 2014).

III. Homeowner Bill of Rights

Plaintiff's fourth and fifth claims seek relief under California's Homeowner Bill of Rights (HBOR), Cal. Civil Code §§ 2923.6, 2923.55, 2924. In part, these claims seem predicated on the same chain-of-title theory discussed above, and fail for the same reasons. Plaintiff also, however, appears to assert a claim on the independent theory that Defendants violated the HBOR's prohibition on "dual-tracking," the practice of a mortgage servicer continuing to pursue foreclosure of a property while a complete loan modification application is pending. See Cal. Civ. Code § 2923.6(c).

Defendants argue that this claim should be dismissed because Plaintiff does not adequately allege that he had submitted a complete loan modification application at the time that Defendants proceeded with the foreclosure process. Section 2923.6(c) protects a borrower who "submits a complete application for a first lien loan modification." Cal. Civ. Code § 2923.6(c). The statute provides, "For purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

As this Court has explained previously, a loan modification application is "complete" for the purpose of triggering the protections of HBOR if a plaintiff has timely provided all documents required in advance by a lender for the submission of a loan modification application, even if the lender requires supplemental documents later. See Di Loreto v. Chase Manhattan

1  Mortg. Corp., No. 17-cv-05187-CW, 2017 WL 5569834, at *5 (N.D.

2  Cal. Nov. 20, 2017) (citing Mace v. Ocwen Loan Servicing, LLC,

3  252 F. Supp. 3d 941, 946 (N.D. Cal. 2017)).

4      Plaintiff fails, however, to assert that his loan

5  modification application was complete before Defendants took any

6  prohibited foreclosure action.  He alleges that he "began

7  submitting the requested documents," 1AC ¶ 67, but does not

8  allege that he completed the application.  Nor does he allege

9  what documents were required for the application to be complete,

10  either pursuant to any instructions by Defendants or pursuant to

11  any agreement reached in connection with the dismissal of

12  Plaintiff's state court lawsuit.  The same failure to allege

13  completeness requires dismissal of Plaintiff's claim that

14  Defendants only notified him of the denial of his loan

15  modification application by email, not in a compliant written

16  denial under section 2923.6(c)(1)-(3).  See 1AC ¶¶ 71-72.

17      Additionally, to the extent that Plaintiff attempts to

18  assert a claim that Defendants did not provide him with

19  information in writing upon his request in violation of section

20  2923.55(b)(1), he does not adequately allege what information he

21  requested and when, or what, if any, response he received from

22  Defendants.  Likewise, he does not allege facts supporting a

23  claim that Defendants' contacts with him prior to foreclosure

24  were insufficient under section 2923.55(a) despite the

25  declaration of compliance attached to the recorded notice of

26  default.  See 1AC Ex. E. at 4.  The Court does not assume the

27  truth of the declaration of compliance, but Plaintiff must allege

28  facts giving rise to a claim that the declaration of compliance

is inaccurate, not merely a conclusory allegation of the legal standard. Iqbal, 556 U.S. at 678; see also Kamp v. Aurora Loan Services, 2009 U.S. Dist. LEXIS 95245, \*\*6-7 (C.D. Cal. 2009) (holding that plaintiffs' "conclusory assertions are contradicted by the notice of default" that included the HBOR declaration of compliance).

The Court will dismiss Plaintiff's fourth and fifth claims, seeking relief under HBOR, for failure to allege necessary facts, but will grant leave to amend these claims so that Plaintiff may clarify his legal theory and attempt to plead the required facts.

IV.  Unfair Competition Law

Defendants contend that Plaintiff's UCL claim is entirely derivative of his other defective claims, and must be dismissed for the same reasons. In response, Plaintiff essentially concedes that this is so. He argues that his HBOR claim under section 2923.55 and his wrongful foreclosure claim survive dismissal, and that therefore his UCL claim also survives. Because the Court has dismissed Plaintiff's HBOR and wrongful foreclosure claims, it dismisses his derivative UCL claim as well.

Plaintiff's UCL claim suffers from additional defects. Plaintiff fails adequately to allege that he lost money or property as a result of Defendants' actions. Bus. & Prof. Code § 17204; Daro v. Superior Court, 151 Cal. App. 4th 1079, 1098 (2007) ("a private person has standing to sue under the UCL only if that person has suffered injury and lost money or property 'as a result of such unfair competition.'"). In any amended complaint, Plaintiff must plead facts sufficient to show the

1  causation and injury required by the UCL.

2     The UCL claim also contains a list of allegedly deceptive

3  business practices that appears to be erroneously copied from

4  another case.  See 1AC ¶ 115 (referring to "MERS," "SLS," "MLF"

5  and "HSBC").  Plaintiff must carefully review any amended

6  complaint to ensure that he accurately pleads the facts of this

7  case.

8  V.   Accounting

9     Defendants argue that Plaintiff's claim for an accounting

10  should be dismissed without leave to amend, because Plaintiff

11  cannot plead the necessary relationship between the parties, and

12  does not plead that any Defendant owes Plaintiff a definite sum

13  of money.  "A cause of action for an accounting requires a

14  showing that a relationship exists between the plaintiff and

15  defendant that requires an accounting, and that some balance is

16  due the plaintiff that can only be ascertained by an accounting."

17  Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).

18  Plaintiff responds that Defendants owe him a sum of money

19  represented by the value of his home over and above the amount

20  that he owed Defendants when the home was sold, and requests

21  leave to amend to allege facts supporting this claim.  This legal

22  theory is different from the theory set forth in the 1AC, which

23  is derivative of the failed "securitization" theory.  See 1AC

24  ¶¶ 120-124 ("Defendants should provide an accounting of profits

25  made on the Subject Property from their Wall Street dealings.").

26  The Court dismisses Plaintiff's seventh cause of action, for an

27  accounting, as currently plead.  However, in light of the facts

28  that Plaintiff pleads regarding the foreclosure sale of his home,

14

1  the Court cannot find that it would be futile to grant Plaintiff

2  leave to amend to allege facts in support of a claim for an

3  accounting of Defendants' profits at the foreclosure sale.  Among

4  the other elements that Plaintiff must plead in support of any

5  amended claim for an accounting, he must plead facts giving rise

6  to a plausible claim that Defendants have not already provided

7  him with the information that he seeks, or that he does not

8  already have ready access to the information.  See Teselle, 173

9  Cal. App. 4th at 179.

10  VI.  Fraud

11        Plaintiff's eighth, ninth and tenth claims allege, under

12  various legal theories, that Defendants defrauded him by offering

13  him a loan modification to induce him to dismiss his state court

14  lawsuit, and then recanting the offer and foreclosing without

15  adequate notice after he dismissed his state court lawsuit in

16  reliance.  Each of these claims suffers from a common defect.

17  Plaintiff alleges that Wells Fargo representatives "informed him

18  that Wells Fargo would give him a loan modification if he

19  qualified," 1AC ¶ 65 (emphasis added), and would not give him a

20  loan modification if his state court lawsuit remained pending,

21  id. ¶ 64.  His factual allegations do not support his legal

22  claims that Defendants "breached an agreement to give Plaintiff a

23  Loan Modification," id. at ¶ 126 (bank fraud claim), made him an

24  "offer of a loan modification," id. at 130 (fraud in the

25  inducement claim), or "promised plaintiff that he would receive a

26  loan modification if he dropped his lawsuit in State court," id.

27  at ¶ 134 (promissory estoppel claim).  In opposition to the

28  motion to dismiss, Plaintiff does not address his own factual

15

allegation that Wells Fargo only offered to <u>consider</u> him for a loan modification if he dismissed his state court lawsuit, and give him a loan modification <u>if he qualified</u>. Accordingly, the Court finds that these claims must be dismissed because Plaintiff has not plead any misrepresentation by Defendants. He does not allege that Defendants did not consider him for a loan modification after he dropped his state court lawsuit, only that he did not receive a loan modification.

The Court will grant Plaintiff leave to amend these claims to plead facts alleging each element of each claim, including the "'the who, what, when, where, and how' of the misconduct charged." <u>Kearns</u>, 567 F.3d at 1124.[6] Plaintiff must allege, consistent with Federal Rule of Civil Procedure 11, the statements that Defendants made to him and the actions that they took that made those statements misleading or fraudulent. If Plaintiff attempts to amend these claims, he may only allege other facts consistent with his complaint and 1AC. <u>Reddy</u>, 912 F.2d at 297.

Defendants also argue that Plaintiff's tenth claim, for promissory estoppel, is barred by the statute of frauds, which provides that any agreement "for the sale of real property, or of an interest therein," is invalid unless it is "in writing and subscribed by the party to be charged or by the party's agent." Cal. Civil Code § 1624(a), (a)(3). A mortgage is subject to the statute of frauds. Cal. Civil Code § 2922. Plaintiff does not

---

[6] In future briefing, the parties should explain their positions regarding which claims, if any, must be plead under the heightened standard of Federal Rule of Civil Procedure 9(b).

16

1    oppose the motion to dismiss on this basis.  Accordingly, the

2    Court will grant Defendants' motion to dismiss Plaintiff's

3    promissory estoppel claim on this additional ground.  The Court

4    will grant Plaintiff leave to amend to allege facts supporting

5    the existence of a settlement agreement or other writing that

6    would satisfy the statute of frauds.

7    VII. Violation of Federal Consumer Protection Bureau Rules

8         Plaintiff claims that "Defendant Wells Fargo violated each

9    and every rule of the Federal Consumer Protection Bureau in this

10   matter."  1AC ¶ 140.  This claim appears to be derivative of his

11   HBOR claims.  Id. ¶¶ 141-42.  Defendants move to dismiss it

12   because the conclusory allegations are insufficient to place them

13   on fair notice of what claim they are to defend.  Plaintiff does

14   not oppose dismissal of this claim, or mention it in his

15   opposition, and the Court will dismiss it.

16   VIII. Failure to Join Indispensable Party

17        Defendants move to dismiss all claims in the 1AC for failure

18   to join an indispensable party.  Plaintiff alleges that his wife

19   was a co-borrower, and the documents attached to the 1AC and

20   subject to judicial notice reflect this fact.  Defendants argue

21   that Ms. Malveaux has a substantial interest in the claims in

22   this litigation and prejudice would result if she is not a party

23   to this action.  In response, Plaintiff appears to have omitted

24   half of a sentence and a relevant exhibit that would explain his

25   opposition to dismissal on this ground.  Opp. at 4.[7]

26        The Court does not reach this argument because it dismisses

27

28        [7] On October 26, 2017, the Clerk entered a notice to counsel
     that Exhibit G was missing, but Plaintiff has not responded.

Plaintiff's claims on other grounds.  However, in any amended

complaint, Plaintiff must either include Ms. Malveaux as a party

or allege facts showing why judgment rendered in her absence

would be adequate or why Rule 19 is inapplicable for other

reasons.  Such facts will be particularly (although not only)

relevant to any claim for non-monetary relief, such as

Plaintiff's claim for quiet title.

In reply, Defendants contend that Ralph Partners, too, is an

indispensable party.  Because Ralph Partners is already named as

a defendant in the 1AC, this argument fails.  The Court does not

reach the question of whether Ralph Partners is indispensable,

although it may be raised again later if Plaintiff fails timely

to serve Ralph Partners.

Having dismissed the 1AC in its entirety, the Court does not

reach Defendants' remaining arguments for dismissal.

IX.  Service

Only two Defendants, Wells Fargo and the Bank of New York

Mellon, have appeared in this case to date.

Defendants Barrett Daffin and First American Title Company

were named in the complaint filed August 29, 2017, but Plaintiff

has not sought issuance of summons to them.  See Fed. R. Civ. P.

4(b).  In their "Unilateral Rule 26(f) Report," Wells Fargo and

the Bank of New York Mellon contend that Barrett Daffin, as the

foreclosure trustee, is a "nominal party serving as Wells Fargo's

ministerial agent" which should not be required to join in the

joint case management statement.  Neither Barrett Daffin nor

First American Title Company has appeared in this action, and

more than ninety days have passed after the filing of the

United States District Court
Northern District of California

complaint.  See Fed. R. Civ. P. 4(m).

2    Defendant Ralph Partners was first named in the 1AC

3    submitted on October 25, 2017.  On December 13, 2017, Plaintiff

4    sought issuance of summons to Ralph Partners.  Ninety days after

5    the filing of the 1AC will have passed on January 23, 2018.

6    The Court has dismissed all claims in the 1AC and granted

7    leave to amend.  Accordingly, the Court will not also order

8    Plaintiff to show cause regarding service immediately.  The Court

9    warns Plaintiff, however, that if he timely files a second

10   amended complaint, he must promptly seek issuance of summons as

11   to all Defendants who have not already been served and must serve

12   them in compliance with Federal Rule of Civil Procedure 4 if

13   waiver of service cannot be obtained.  Within seven days after

14   filing a second amended complaint, Plaintiff must file a written

15   report with this Court regarding the status of service on all

16   named Defendants that have not already appeared in this action.

17   If Plaintiff asserts claims against Barrett Daffin and First

18   American Title, he must serve them in compliance with Rule 4, or

19   obtain waiver of service, before filing his status report, or

20   show cause why the claims against them should not be dismissed

21   without prejudice pursuant to Rule 4(m).

22   Plaintiff must file a written report regarding service on

23   Ralph Partners no later than January 24, 2018.  If Plaintiff has

24   not served Ralph Partners or obtained a waiver of service by that

25   date, he must show cause why the claims against Ralph Partners

26   should not be dismissed without prejudice pursuant to Rule 4(m).

27   Failure to file either of the written status reports

28   regarding service or to comply in any respect with this order

shall result in dismissal without prejudice under Rule 4(m) without further notice.

CONCLUSION

The Court GRANTS leave for Plaintiff to file the 1AC (Docket No. 17).

The Court DENIES AS MOOT Defendants' motion to dismiss the original complaint (Docket No. 14) and Defendants' request for judicial notice in support of that motion to dismiss (Docket No. 15).

The Court grants Defendants' motions for judicial notice of the documents submitted in support of the motion to dismiss the 1AC (Docket No. 20), but sustains Plaintiff's objection (Docket No. 22) and does not take judicial notice of the truth of disputed statements within the documents.

The Court GRANTS Defendants' motion to dismiss the 1AC (Docket No. 19).  Because the Court has dismissed all claims, the Court does not reach Defendants' additional and alternative arguments for dismissal of some of the claims.  Plaintiff may replead any or all of his dismissed claims if he can truthfully allege, without contradicting the allegations in his previous complaints, facts sufficient to show that he is entitled to relief.  Any second amended complaint is due within twenty-one days after the date of this order and must be accompanied by the filing of a redline version showing the changes made in the second amended complaint.

If Plaintiff timely files a second amended complaint, he must immediately seek issuance of summons as to all Defendants who have not already been served and must serve them in

United States District Court
Northern District of California

compliance with Federal Rule of Civil Procedure 4 if waiver of service cannot be obtained.  Within seven days after filing a second amended complaint, Plaintiff must file a written report with this Court regarding the status of service on all named Defendants.  If Defendant Ralph Partners has not appeared, Plaintiff must file a further written report regarding the status of service on Ralph Partners by January 24, 2018.  Failure to file either of the written status reports regarding service shall result in dismissal without prejudice under Rule 4(m) without further notice.

The response of Defendants Wells Fargo and the Bank of New York Mellon shall be due within twenty-one days after the second amended complaint is filed.  The response of all other Defendants shall be due within the time provided by the Federal Rules of Civil Procedure.

If Plaintiff does not timely file a second amended complaint, the Court will dismiss Plaintiff's claims against Wells Fargo and the Bank of New York Mellon with prejudice without further notice, and will dismiss Plaintiff's claims against Defendants Barrett Daffin, First American Title Company and Ralph Partners without prejudice.

Defendants shall notice any motions to dismiss the second amended complaint for March 27, 2018, at 2:30 p.m.  Defendants shall join in a single motion to dismiss to the greatest extent possible, and shall not file duplicative briefing.  Plaintiff shall file a single opposition brief in response to all motions to dismiss.

The Court hereby continues the initial case management conference to March 27, 2018, at 2:30 p.m.  The joint case management statement is now due March 20, 2018.

IT IS SO ORDERED.

Dated: December 28, 2017

_____
CLAUDIA WILKEN
United States District Judge